**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANFENG GAO; JINGHUA WANG,<br><br>  Petitioners,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 13-71037<br><br>Agency Nos. A099-739-931<br> A099-739-932<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:   FARRIS, WARDLAW, and PAEZ, Circuit Judges.

   Yanfeng Gao and Jinghua Wang, natives and citizens of China, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo claims of due process violations. *Singh v. Holder*, 638 F.3d 1264, 1268-69 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Petitioners concede that they did not suffer past persecution, but fear future persecution based on Gao's joining a Shouter's church while in the United States. Substantial evidence supports the BIA's determination that Gao failed to establish a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995).

We reject petitioners' contention that the BIA failed to adequately consider their arguments on appeal. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to demonstrate a due process claim). We lack jurisdiction to consider petitioners' assertions that the IJ exhibited bias and allowed an overly-aggressive cross-examination, because petitioners did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to consider issues that have not been administratively exhausted).

Finally, petitioners do not raise any arguments regarding the denial of CAT relief. *See Martinez-Serrano*, 94 F.3d at 1259-60.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**